**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| APRIL AYER, | : | Case No. 3:18-cv-00327 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| COMMUNITY MERCY HEALTH | : | |
| PARTNERS, D/B/A SPRINGFIELD | | |
| REGIONAL MEDICAL CENTER, | : | |
| Defendant. | : | |

_____

**ENTRY AND ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL
JUDGMENT ON THE AMENDED PLEADINGS (DOC. 19)**
_____

This case is before the Court on the Motion for Partial Judgment on the Amended Pleadings (Doc. 19) of Defendant Community Mercy Health Partners (d/b/a Springfield Regional Medical Center) ("SRMC") pursuant to Fed. R. Civ. P. 12(c). Specifically, SRMC moves for judgment on the pleadings for two claims in the Amended Complaint: (a) Fifth Claim for Relief – Age Discrimination under Ohio Revised Code ("O.R.C.") § 4112.02(A); and (b) Sixth Claim for Relief – Gender Discrimination under O.R.C. § 4112.02(A). The motion is fully briefed and ripe for review. (Docs. 19, 20, 21.) For the reasons discussed below, the Court **GRANTS** the Motion for Partial Judgment on the Pleadings. This case will proceed on the remaining claims of Plaintiff April Ayer ("Ayer").

**I.     BACKGROUND**

On September 26, 2018, Ayer filed her Verified Complaint (the "Original Complaint"). (Doc. 1.) The Original Complaint contained seven claims for relief, including its fifth and sixth claims being claims for age discrimination and gender discrimination, respectively, under O.R.C.

§ 4112.02(A).[1]  (*Id.*)

On November 8, 2018, SRMC filed its Answer.  (Doc. 3.)  The same day, SRMC filed a Motion for Partial Judgment on the Pleadings regarding the fifth, sixth, and seventh claims in the Original Complaint.  (Doc. 5.)  In that motion, SRMC argued that "Ayer's Fifth and Sixth Claims for Relief should be dismissed because her age and gender discrimination claims are based solely on conclusory allegations that simply parrot the legal elements of these claims.  They are not supported by *any* factual allegations and do not meet the pleading standard established before and after *Ashcroft v. Iqbal*, 566 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2008)."  (*Id.* at PAGEID #64) (emphasis in original.)

Instead of responding to this initial motion, Ayer filed a "Consent Motion for Leave to Amend Complaint" in order "to resolve Defendant's Judgment on the Pleadings," and she attached an Amended Complaint.  (Doc. 13.)  This Court granted the consent motion.  (Doc. 16.)  The next day, Ayer filed her Amended Complaint.  (Doc. 17.)  Although the Amended Complaint no longer included what had been the seventh claim for relief in the Original Complaint (a claim for wrongful termination in violation of public policy), it maintained the fifth and sixth claims for age discrimination and gender discrimination, respectively.  (Doc. 17 at PAGEID #152-153.)  All four of Ayer's other claims in the Amended Complaint are disability-related claims:  (1) violation of the American Disabilities Act ("ADA") at 42 U.S.C. § 12111(a); (2) violation of the ADA at 42 U.S.C. § 12111(a) and 42 U.S.C. § 12111(b)(5)(A); (3) violation of the ADA at 42 U.S.C. § 12111(a) and 42 U.S.C. § 12111(b)(5)(B); and (4) violation of O.R.C. § 4112.02(A) for disability discrimination.  (Doc. 17.)

---

[1] O.R.C. § 4112.02(A) states:  "It shall be an unlawful discriminatory practice . . . [f]or any employer, because of the race, color, religion, sex, military status, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

After filing its Answer to the Amended Complaint (Doc. 18), SRMC filed its Motion for Partial Judgment on the Amended Pleadings, which is presently before the Court. (Doc. 19.) SRMC asks for judgment on the pleadings as to the fifth and sixth claims for relief in the Amended Complaint. (*Id.*) Among other things, SRMC argues that Ayer "still has completely failed to assert any supporting facts making it plausible to conclude that her age or gender were the real reasons her employment was terminated." (Doc. 19 at PAGEID #174.)

## II.    STANDARD OF REVIEW

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Courts apply the same analysis to motions for judgment on the pleadings under Rule 12(c) as they apply to motions to dismiss under Federal Rules of Civil Procedure 12(b)(6). See *Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). The Sixth Circuit "has applied the now familiar pleadings requirements in *Twombly* and *Iqbal* to Rule 12(c) motions." *Patterson v. Novartis Pharms. Corp.*, 451 F. App'x 495, 497 (6th Cir. 2011).

When a party moves for judgment on the pleadings, "[a]ll well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment as a matter of law." *Hindel v. Husted*, 875 F.3d 344, 346 (6th Cir. 2017) (internal quotation marks omitted). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." *JPMorgan Case Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007).

"To survive a Rule 12(c) motion, a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Hindel*, 875 F.3d at 346-347 (internal quotation marks omitted), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A]

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal quotation marks omitted)). "[T]he plaintiff must provide the grounds for its entitlement to relief, and that 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action.'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (internal citation omitted), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff falls short if [the plaintiff] pleads facts 'merely consistent with a defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct.'" *Id.*, quoting *Iqbal*, 556 U.S. at 678-679. See also *Twombly*, 550 U.S. at 557 (a complaint will not withstand a motion to dismiss if it offers only "naked assertion[s]" without "further factual enhancement").

In addressing a motion for judgment on the pleadings, a court considers the pleadings, which consist of the complaint, the answer, and any written instruments attached as exhibits. *See* Fed. R. Civ. P. 12(c); Fed. R. Civ. P. 7(a) (defining "pleadings" to include both the complaint and the answer); Fed. R. Civ P. 10(c) (stating that "[a] copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."). Although allegations in the complaint are the primary focus in assessing a Rule 12(c) motion, a court may also take into account "matters of public record, orders, [and] items appearing in the record of the case." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332. Further, a court may consider exhibits attached to a motion for judgment on the pleadings "so long as they are referred to in the Complaint and are central to the claims contained therein." *Brent v. Wayne Cty. Dept. of Human Servs.*, 901 F.3d 656, 695 (6th Cir. 2018).

## III.   ANALYSIS

### A. SRMC is Entitled to Judgment on Counts Five and Six of the Amended Complaint.

"[A]lthough a [p]laintiff's complaint need not present detailed factual allegations, it must allege sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [the] [d]efendant[] discriminated against [the] [p]laintiff with respect to" her age or gender. *Han v. Univ. of Dayton*, 541 F. App'x 622, 626 (6th Cir. 2013) (internal quotation marks omitted). Ayer's Amended Complaint is 14 pages long and makes extensive factual allegations concerning Ayer's apparent disability, her employment history with SRMC, and SRMC's actions. However, those allegations focus on supporting her first four claims, *i.e.*, her disability-related claims.[2] In contrast, the allegations in her claims for age and gender discrimination (the claims at issue now) essentially consist of legal conclusions and a formulaic recitation of the elements of a cause of action under O.R.C. § 4112.02(A).[3] (*See* Am. Compl. ¶¶91-106.) And, the paragraphs that Ayer incorporated by reference into her fifth and sixth claims relate to her <u>disability</u>-related claims. (*Id.* at ¶¶1-90.) The few incorporated paragraphs that also relate to her age and gender discrimination claims consist of legal conclusions or unwarranted factual inferences. (*E.g.*, *id.* at ¶58 ("Upon information and belief, Defendant has

---

[2] This includes that "[o]n or around August 29, 2016, Plaintiff submitted a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) against Defendant for the discrimination she received <u>as a result of her disability</u>." (Am. Compl. ¶40) (emphasis added.)

[3] The elements of Ayer's fifth and sixth claims – which are brought under state law – are the same as their federal age and gender discrimination counterparts. *Grosjean v. First Energy Corp.*, 349 F.3d 332, 340 (6th Cir. 2003) ("Under Ohio law, the elements and burden of proof in a state age-discrimination claim parallel the ADEA analysis."); *Laderach v. U-Haul*, 207 F.3d 825, 828 (6th Cir. 2000) ("[T]he elements and legal standards for establishing unlawful sex discrimination are the same under [O.R.C.] § 4112.02 and under 42 U.S.C. § 2000e-2"). In order to prove a *prima facie* case of discrimination, a plaintiff must show "(1) membership in a protected class; (2) that she suffered an adverse action; (3) that she was qualified for the position; and (4) that she was replaced by, or treated differently than, someone outside the protected class." *Laderach*, 207 F.3d at 828. *Accord*: *Grosjean*, 349 F.3d at 335. "In age discrimination cases, the protected class includes all workers at least 40 years old and the fourth element is modified to require replacement not by a person outside the protected class, but merely replacement by a significantly younger person." *Grosjean*, 349 F.3d at 335.

a history of discriminating against employees on the basis of their disability, age, and/or gender.").)

Here, as in *Han*, Ayer's fifth and sixth claims are "devoid of facts that would allow the Court to draw" the necessary "reasonable inference that [SRMC] discriminated against [Ayer] with respect to" her age or gender. *Han*, 541 F. App'x at 626 (affirming dismissal of gender discrimination claim). Ayer's "allegations simply lack the factual bases necessary to show entitlement to relief for" age and gender discrimination. *Id.* at 627. The Amended Complaint "patently lacks facts that connect the dots between [her] termination and [her] age" or gender. *House v. Rexam Bev. Can Co.*, 630 Fed. App'x 461, 464 (6th Cir. 2015) (affirming dismissal of age discrimination claim).

The effect is that the Amended Complaint simply "lists conclusory allegations of discrimination and fails to provide, as required by *Twombly* and *Iqbal*, the 'sufficient factual matter' necessary to create an inference of discrimination" with respect to her age or gender. *Han*, 541 F. App'x at 626. The Court is "left to infer that [SRMC's] decision-making regarding [Ayer's] employment was discriminatory simply based on the fact that" she is a woman, or based on her age, or both. *Id.* at 627. In other words, the well-pled factual allegations in the Amended Complaint "do not permit the court to infer more than the mere possibility" that SRMC terminated Ayer's employment <u>because of</u> her age or gender. *Albrecht*, 617 F.3d at 893 (internal quotation marks omitted). This is insufficient to survive a motion for judgment on the pleadings. *Id.* ("the plaintiff must provide the grounds for its entitlement to relief, and that requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action") (internal citation and quotation marks omitted); *Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *Han*, 541 F. App'x at 627.

Further, Ayer's allegation of age discrimination (her fifth claim) is especially weak given that she "admits she made an error in her Amended Complaint believing both Ken and Lonnie [the employees who allegedly replaced Ayers] were younger than her." (Doc. 20 (Ayer's Opposition Memorandum) at PAGEID #187.) Thus, the Amended Complaint contains no viable allegation that Ayers was replaced by a significantly younger person, a requisite element of her age discrimination claim. *Grosjean*, 349 F.3d at 335. This too calls for dismissing Ayer's age discrimination claim. *Nelson v. Clermont Cnty. Veterans' Serv. Comm'n*, No. 1:11-cv-335-HJW, 2012 U.S. Dist. LEXIS 78736, at *8-9 (S.D. Ohio June 6, 2012) (claim subject to dismissal as a matter of law where plaintiff "concede[d] in her response" that a requirement of her claim was not present).

Therefore, SRMC is entitled to judgment on the pleadings with respect to the Fifth Claim and the Sixth Claim in Ayer's Amended Complaint.

**B. The Court Declines Ayer's Request in her Opposition Memorandum for Leave to Amend Her Complaint "To Amend Any Deficiencies."**

In her Opposition Memorandum, Ayers said that "if the Court finds that Ayer has deficiencies in either her Fifth or Sixth Claim for relief, the Court should grant her leave of court to amend those deficiencies found in her Amended Complaint." (Doc. 20 at PAGEID #184.) She argues that "[g]ranting Ayer leave to amend her complaint is warranted because such leave is 'freely granted as justice so requires.'" (*Id.* at PAGEID #188, *quoting* Fed. R. Civ. P. 15(a)(2).) She further argues that, "[a]lthough futility will defeat an attempt to amend a complaint[,] . . . granting Ayer leave to amend is warranted because the amendment would not be futile; it would clean up the facts known to both Plaintiff and Defendant and further the argument that Ayer was discriminated against by SRMC." (*Id.* at PAGEID #188.) However, Ayer fails to specify any of those "facts known to both Plaintiff and Defendant," fails to show how such facts would "further

the argument that Ayer was discriminated against by SRMC <u>on the basis of age or gender</u>, and fails to attach a proposed amended pleading to her Opposition Memorandum that would cure the pleading deficiencies in the Amended Complaint as to those two claims.

"A party may amend its pleading once as a matter of course at any time before the responsive pleading is served." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005), *citing* Fed. R. Civ. P. 15(a). "After a responsive pleading has been served, a party may amend its pleading only by leave of court, and leave shall be freely given when justice so requires." *Id.* (internal quotation marks omitted). However, Ayer is mistaken that a court must find that amendment of a pleading would be futile in order to deny a request to amend a complaint (particularly a request embedded in an opposition brief). *Nino v. Flagstar Bank, FSB*, No. 18-1503, 2019 U.S. App. LEXIS 6697, *8 (6th Cir. Mar. 6, 2019) ("A district court may deny a motion for leave to amend a complaint for a variety of reasons"); *Alexander v. Eagle Mfg. Co., LLC*, 714 F. App'x 504, 510 (6th Cir. 2017) ("a request for leave to amend, almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is not a motion to amend") (internal quotation marks omitted).

"Although Rule 15(a)(2) evinces a liberal amendment policy, the right to amend is not absolute or automatic." *Alexander*, 714 F. App'x at 510 (internal quotation marks omitted) (district court did not err in denying request for leave to amend). "Pertinent factors in deciding whether to grant leave to amend include 'undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment.'" *Id.*, quoting *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008).

In *Alexander*, the district court denied the plaintiff's request for leave to amend his

complaint for a second time where (like here) the request was contained in his memorandum in opposition to a Rule 12 motion. *Alexander*, 714 F. App'x at 510. Also, like Ayer, the plaintiff in *Alexander* "did not identify what amendments he would make to his complaint, nor did he attach a copy of the amended complaint to his brief." *Id.* The Sixth Circuit held that, if the plaintiff "wanted an opportunity to amend his complaint further, it was his responsibility to provide details concerning the proposed amendments." *Id.* at 511. *Accord: Brandt v. Davis*, 191 F.3d 887, 893 (8th Cir. 1999) (plaintiff "neglected to explain how he would amend the complaint to save the claim," so the appellate court found "no abuse of discretion in the district court's denial of his motion to amend."); *Smith v. Woods*, No. 1-15-00011, 2015 U.S. Dist. LEXIS 152347, *3 (M.D. Tenn. Nov. 10, 2015) (plaintiff "fails to point out what deficiencies he seeks to cure and he fails to submit the proposed amendment. The Court finds that such an undefined and vague basis for an amendment does not satisfy the 'when justice so requires' standard of Rule 15(a)(2) of the Federal Rules of Civil Procedure and warrants denial of the motion."), *report and recommendation adopted*, 2015 U.S. Dist. LEXIS 163206 (M.D. Tenn. Dec. 4, 2015).

Moreover, as set forth above, Ayer has had two opportunities to attempt to properly plead a claim for age discrimination or gender discrimination. She has failed each time. She also admitted in briefing that her allegation that, "[u]pon information and belief, Plaintiff was replaced by, or the discharge permitted the retention of a substantially younger age employee (i.e. Ken and Lonnie)" is actually incorrect. Additionally, Ayer does not (and cannot) claim that she was unaware of the issues in pleading her age and gender discrimination claims prior to filing her Amended Complaint because SRMC's first motion for partial judgment on the pleadings sought dismissal of those two claims on the same grounds that it presented in its subsequent motion that is currently before the Court. In fact, instead of responding to that first motion, Ayer filed a

"Consent Motion for Leave to Amend Complaint" that she indicated would "resolve Defendant's Judgment on the Pleadings." (Doc. 13.) The Amended Complaint did not resolve the issues in the fifth and sixth claims, but instead required SRMC to incur the time and expense of filing a second motion.

Recently, in the *Nino* case, the Sixth Circuit affirmed a district court's decision to deny the plaintiff's motion for leave to further amend the complaint. *Nino*, 2019 U.S. App LEXIS 6697, *9. There, "the district court noted that Defendant filed a motion to dismiss in response to Plaintiff's first complaint. That motion asserted the same legal deficiencies in Plaintiff's complaint that remain at issue in this appeal. Yet Plaintiff subsequently filed an amended complaint that failed to address any of these deficiencies." *Id.* This case presents the same scenario. This is yet another reason for denying Ayer's request for leave to amend her amended complaint with respect to the fifth and sixth claims. *Id.*

Therefore, the Court denies Ayer's request for leave of court to amend her Amended Complaint. Of course, the Court's decision does not completely doom Ayer's Amended Complaint; the case will proceed on Ayer's remaining disability-related claims (claims one through four).

## IV.   **CONCLUSION**

For the reasons stated above, the Court **GRANTS** Defendant SRMC's Motion for Partial Judgment on the Amended Pleadings (Doc. 19). Additionally, the Court denies Ayer's request in her Opposition memorandum for leave to amend her amended complaint (Doc. 20 at PAGEID #184, 188). The Fifth Claim for Relief and the Sixth Claim for Relief in the Amended Complaint are **DISMISSED**. This case will proceed on Ayer's other claims.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, April 29, 2019.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE